**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NELLY PEREZ and L.D. | : | Case No.: 3:15-cv-01546 |
| | : | |
| | : | |
| PLAINTIFFS | : | |
| v. | : | |
| | : | |
| BRUCE GARDNER, ROBERT | : | |
| GARDNER, and TRACY KARI REALTY | : | |
| GROUP, LLC | : | |
| | : | |
| DEFENDANTS | : | October 23, 2015 |

## COMPLAINT

Plaintiffs are Nelly Perez ("Ms. Perez") and her son L.D.[1], an individual with disabilities. In October 2013, Plaintiffs attempted to rent a single family home from Defendants at 186 Lovers Lane, Windham, Connecticut 06280 ("the Property"). After learning that Plaintiffs' household included an individual with disabilities, Defendants made discriminatory statements based on disability including stating a preference for renting to a household that did not include individuals with disabilities, refused to rent to Plaintiffs, misrepresented the availability of the housing, and otherwise made the housing unavailable to Plaintiffs based on disability. By this Defendants have violated the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601 *et seq.* Plaintiffs seek injunctive and declaratory relief and compensatory and punitive damages.

### I. JURISDICTION AND VENUE

---

[1] At the time of the events alleged herein, Plaintiff L.D. was a minor.

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the FHA, 42 U.S.C. §§ 3601, *et seq*.

2. The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–02.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this district.

## II.   PARTIES

4. Plaintiff Ms. Perez is the mother of Plaintiff L.D. Ms. Perez and L.D. currently reside at in Willimantic, Connecticut.

5. Defendant Bruce Gardner ("B. Gardner") is the record owner of the Property. Upon information and belief, Defendant B. Gardner's business and/or personal mailing address is P.O. Box 179, Charlestown, Rhode Island 02813.

6. Defendant Robert Gardner ("R. Gardner"), also known as "Bob", is a licensed real estate agent with Tracy Kari Real Estate Group, LLC ("Tracy Kari"). Upon information and belief, Defendant R. Gardner was assisting his brother, Defendant B. Gardner, with procuring prospective tenants to rent the Property. Defendant R. Gardner's business and/or personal address is 109 Gordon Avenue, Willimantic, Connecticut 06226.

7. Defendant Tracy Kari is a domestic limited liability real estate company with a business address of 116 Main Street, Willimantic, Connecticut 06226. Tracy Kari's registered agent for service is R. Gardner, 109 Gordon Avenue, Willimantic, Connecticut 06226.

## III.   LEGAL BACKGROUND

8. The FHA, 42 U.S.C. §§ 3601 *et seq.*, prohibits discrimination in the provision of housing on the basis of "handicap" (hereinafter "disability").

9. Under the FHA, the term disability means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h).

10. Physical impairment under the FHA includes "musculoskeletal" impairments. 24 C.F.R. § 100.201. Walking is a major life activity. *Id.*

11. Mental impairment under the FHA includes "learning disabilities." *Id.* Learning is a major life activity. *Id.*

12. Mental impairment under the FHA also includes "epilepsy." 24 C.F.R. § 100.201. Caring for one's self is a major life activity. *Id.*

13. Physical or mental impairment under the FHA further includes "speech" impairments. *Id.* Speaking is a major life activity. *Id.*

14. The FHA prohibits the making of discriminatory statements on the basis of disability. 42 U.S.C. § 3604(c).

15. The FHA further prohibits misrepresenting the availability of a dwelling because of disability. 42 U.S.C. § 3604(d).

16. The FHA provides that it is unlawful to discriminate against any person in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of the disability of (1) that person, (2) persons residing in or intending to reside in that dwelling after it is sold, rented, or made available, or (3) any person associated with the renter. 42 U.S.C. § 3604(f)(1).

17. It is a violation of 42 U.S.C. § 3604(f)(2) for a housing provider to refuse to permit, at the expense of the individual with a disability, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises. 42 U.S.C. § 3604(f)(3)(A).

18. An aggrieved person under the FHA "includes any person who – (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i).

## IV.   FACTS

19. Ms. Perez is the mother of L.D. L.D. is an individual with disabilities. He lives with Down syndrome. He is limited in the major life activities of walking, learning, speaking, and caring for one's self.

20. L.D. cannot walk without aid and therefore utilizes a wheelchair.

21. L.D. also has intellectual disabilities, which impairthe major life activity of learning.

22. L.D. experiences challenges with language and speech development, which impairs the major life activity of speaking.

23. L.D. suffers from epileptic seizures, which impairs the major life activity of caring for one's self.

24. In or around October 2013, Ms. Perez began searching for housing for herself and L.D.

25. In or around the fourth week of October 2013, Ms. Perez came across an advertisement in an independent newspaper based in Willimantic, CT called "the Chronicle." The advertisement listed a single family home for rent at $950 per month in Windham, CT and directed interested persons to contact (860) 377-4246.

26. Ms. Perez is an individual with Limited English Proficiency so she asked her adult son, Eduardo Deynes ("Mr. Deynes") to call the number on her behalf.

27. On or around October 24, 2013, Mr. Deynes dialed the number and connected with Defendant R. Gardner.

28. Mr. Deynes made an appointment with Defendant R. Gardner for himself and his mother, Ms. Perez, to view the Property the following day.

29. On or around October 25, 2013, Mr. Deynes contacted Defendant R. Gardner to request directions to the Property. Mr. Deynes and Defendant R. Gardner agreed to meet at a local basketball court they were both familiar with. From there, Mr. Deynes and Ms. Perez followed Defendant R. Gardner to the Property.

30. Ms. Perez viewed the Property with Mr. Deynes and Defendant R. Gardner. Ms. Perez expressed interest in moving forward with an application to Defendant R. Gardner.

31. Ms. Perez advised Defendant R. Gardner that she would be using a Section 8/Housing Choice Voucher ("HCV").

32. Defendant R. Gardner appeared eager to move forward.

33. Defendant R. Gardner inquired as to who would reside at the Property. Mr. Deynes advised that his mother, Ms. Perez, and his younger brother, L.D., would occupy the Property.

34. Defendant R. Gardner provided Ms. Perez with a rental application and urged her to complete it as soon as possible.

35. On or around October 28, 2013, Ms. Perez contacted Normalis Acosta ("Ms. Acosta") for assistance with completing the application. Ms. Acosta was a social worker at L.D.'s school. Ms. Acosta helped Ms. Perez complete the application.

36. That same day, at Ms. Perez's bequest, Mr. Deynes contacted Defendant R. Gardner to advise him that the application was complete. Ms. Perez was unable to make arrangements to hand deliver the application so Defendant R. Gardner agreed to come by Ms. Perez's home to pick it up at approximately 1:00 p.m. that afternoon. Mr. Deynes provided Defendant R. Gardner with directions to the home over the phone.

37. Later that same day, Defendant R. Gardner arrived at Ms. Perez's home, later than had been anticipated, at some time between 2:00 p.m. and 2:30 p.m. to pick up the application. While he was there, Ms. Perez's youngest son, L.D., was being dropped off from school. Defendant R. Gardner witnessed L.D. depart from the school bus and enter the home utilizing his wheelchair.

38. After he observed L.D. in his wheelchair, Defendant R. Gardner's facial expression soured, he stated he would be in touch and abruptly departed.

39. A few days thereafter, on or around October 31, 2013, Mr. Deynes contacted Defendant R. Gardner to follow up on the status of Ms. Perez's application.

40. Defendant R. Gardner informed Mr. Deynes that it was "too risky" for him to rent the Property to Ms. Perez due to L.D.'s "medical condition." He further stated that the home was not set up for "handicap access" and he would not be willing to do any work or permit alterations to the premises for the family. He then advised Mr. Deynes that he and his brother, upon information and belief, Defendant B. Gardner, had decided not to rent to them and would sell the home instead.

41. Upon information and belief, the Property continued to be available to rent.

42. Ms. Perez continued her search for suitable housing.

43. During the first few days of November 2013, while continuing her search, Ms. Perez noted that the advertisement for the Property had been removed from the Chronicle.

44. On November 6, 2013, Ms. Perez noticed that the advertisement for the Property was once again posted in the Chronicle.

45. On or about November 7, 2013, Ms. Perez had her daughter-in-law, Eliza Sanchez ("Ms. Sanchez"), contact Defendant R. Gardner to inquire about submitting an application. Defendant R. Gardner indicated that he could drop off an application.

46. On or about November 8, 2013, Defendant R. Gardner hand delivered the application to Ms. Perez's home.

47. On or about November 14, 2013, Ms. Perez, with the assistance of family, completed the application and arranged for Defendant R. Gardner to pick it up. That same day, Defendant R. Gardner went to Ms. Perez's home and picked up the application from her.

48. The advertisement from the Chronicle was subsequently removed on or about November 15, 2013.

49. In or about the second or third week of November 2013, Defendant R. Gardner advised Ms. Perez that he and his brother, Defendant B. Gardner, would once again seek to sell the Property rather than rent it.

50. Following Defendants' refusal to rent, Ms. Perez was in a bind to find suitable housing because of the impending expiration of her HCV.

51. Ms. Perez and her son L.D. now reside in a less desirable condominium. The driveway is comprised of gravel which impedes L.D.'s access to and from the premises as he uses a wheelchair. During the winter months, the driveway is also prone to wet or icy conditions further hampering L.D.'s access to and from the premises.

52. Plaintiffs would have preferred to rent the Property because it is in a community that is clean, quiet, and safe.

53. Plaintiffs also had a preference for renting the Property because it was a single family home and would be more private.

54. As a result of the Defendants' conduct, Ms. Perez and L.D. have experienced anxiety, humiliation, embarrassment, emotional distress, mental anguish, loss of housing opportunity, and violation of their civil rights.

55. Defendants' actions were willful, callous, and taken with knowing disregard for the civil rights of Ms. Perez and L.D.

## COUNT I

### VIOLATION OF 42 U.S.C. § 3604(c)

56. Plaintiffs incorporate by reference paragraphs 1 – 55.

57. Defendants made discriminatory statements of preference for renting to a household that did not include individuals with disabilities in violation of the FHA, 42 U.S.C. § 3604(c).

## COUNT II

### VIOLATION OF 42 U.S.C. § 3604(f)(1)

58. Plaintiffs incorporate by reference paragraphs 1 – 55.

59. Defendants discriminated against Plaintiffs when they refused to rent and/or otherwise made housing unavailable to them on the basis of disability in violation of the FHA, 42 U.S.C. § 3604(f)(1).

## COUNT III

### VIOLATION OF 42 U.S.C. § 3604(f)(3)(A)

60. Plaintiffs incorporate by reference paragraphs 1 – 55.

61. Defendants discriminated against Plaintiffs when they preemptively foreclosed the prospect of reasonable modifications to the Property in violation of the FHA, 42 U.S.C. § 3604(f)(3)(A).

## COUNT IV

### VIOLATION OF 42 U.S.C. § 3604(d)

62. Plaintiffs incorporate by reference paragraphs 1 – 55.
63. Defendants discriminated against Plaintiffs when, because of L.D.'s disability, they represented to Plaintiffs that the Property was not available for rent when in fact it was in violation of 42 U.S.C. § 3604(d).

**RELIEF**

Wherefore, Plaintiffs request that the Court:

   a.   Enter a declaratory judgment finding that the actions of the Defendants as alleged in the Complaint violate 42 U.S.C. §§ 3601 *et seq.*;

   b.   Enter a permanent injunction prohibiting the Defendants from future discriminatory conduct and requiring the Defendants to take all affirmative steps necessary to remedy the effects of the illegal discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

   c.   Award compensatory damages in an amount that would fully compensate Plaintiffs for the anxiety, humiliation, embarrassment, emotional distress, mental anguish, and loss of housing opportunity caused by the Defendants' violations of the law alleged in the Complaint pursuant to 42 U.S.C. § 3613(c);

  d. Award punitive damages in an amount that would punish the Defendants for the willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter them from future discriminatory behavior pursuant to 42 U.S.C. § 3613(c);

  e. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c);

  f. Order all other relief deemed just and equitable by the Court.

Respectfully Submitted,
PLAINTIFFS

By Counsel: /s/Melvin J. Kelley IV
     Melvin Kelley (ct29330)
     Greg Kirschner (ct26888)
     The Connecticut Fair Housing Center
     221 Main Street, 4th Floor
     Hartford, CT 06106
     Phone: (860) 560-8949
     Fax: (860) 247-4236
     mkelley@ctfairhousing.org
     greg@ctfairhousing.org